PETER J. E. CLEMENTSON *vs.* JOHN M. GLEASON and another.

November 22, 1886.

**Lease—Covenant to Keep Clean.**—In a lease it was specified that the lessees should keep the premises "clean," and also that they should not be occupied for a saloon or meat market. *Held,* that the agreement to keep the premises clean was not qualified by an implied right on the part of the lessees to use the premises for any purpose, however foul in itself, excepting only those occupations mentioned.

**Finding Contrary to Evidence.**—A finding by the court that the condition of the lease had not been broken, *held* contrary to the evidence.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis.

*Ueland, Shores & Holt,* for appellant.

*Hart & Brewer,* for respondents.

DICKINSON, J. This proceeding was instituted under Gen. St. 1878, c. 84, § 11, to recover premises held by the defendants under a lease from the plaintiff, for an alleged breach of a covenant in the lease "to keep the rented premises in a clean and orderly condition." The court, upon the evidence, found the alleged breach not proved. We think this conclusion was erroneous.

The lease contained the condition above recited, and the further covenant that the premises should not be used for saloon purposes, or for a meat market; but contained no other terms indicating the purposes for which the premises were demised, or restricting the use to which they might be put. The defendants have occupied the premises as an undertaking establishment, and, in connection therewith, as a morgue, or place where dead bodies were received for inquest, and to be prepared for burial. It appears from the evidence, without contradiction, that, on different occasions, dead bodies in an offensive condition have been received and kept there; and particularly that in July a dead body in an advanced stage of decomposition, foul and very offensive, was received in the building, and remained there from the middle of the afternoon until 10 o'clock the next day, and that the premises were rendered foul thereby.

Without stating the facts more particularly, it is enough to say that, as we consider, the uncontradicted evidence relating to the matter just referred to showed conclusively a breach of the agreement to keep the premises clean. Nothing is shown to qualify the meaning to be given to this condition of the lease. The terms of the lease did not authorize the lessees to occupy the premises for any business, however foul in itself, by excepting that of a meat market and a saloon. On the contrary, the agreement to keep the premises clean would prevent their use for any purpose which would necessarily make them foul and unclean. The condition expressed was not merely to keep the premises clean, provided the nature of the use to which the lessees should subject the property would render that possible, or as clean as the nature of the business which the lessees might elect to carry on there would allow, but to keep them "*clean.*"

The decision of the court is contrary to the undisputed evidence, and the judgment must be set aside, and a new trial awarded.